**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARRON BROWN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>1199J UNION, H.R. DEPT. ST. MICHAEL'S HOSPITAL,<br><br>　　　　Defendants. | Civil Action No. 23-4452 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>October 16, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant Prime Healthcare Services – St. Michael's, LLC d/b/a Saint Michael's Medical Center's[1] ("Defendant" or "the Hospital") Motion to Dismiss (D.E. 6-1) *pro se* Plaintiff Sharron Brown's ("Plaintiff") Complaint (D.E. 1 Ex. A) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6);[2] and

**WHEREAS** in considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotation marks and citation omitted). *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

---

[1] Defendant Prime Healthcare Services – St. Michael's, LLC d/b/a Saint Michael's Medical Center is incorrectly sued in this case as "H.R. Dept. St. Michael's Hospital."

[2] Defendant moves to dismiss the Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted. (*See* D.E. 6-1.) Plaintiff has not filed an opposition to the motion to dismiss and the time in which to do so has expired. *See* Local Civil Rule 7.1(d)(2).

89, 94 (2007) (per curiam) (quotation marks omitted).  However, a *pro se* complaint must still comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted).  Factual allegations in a complaint are generally accepted as true, but legal conclusions are not.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.  Determining whether the allegations in a complaint state a "plausible" claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; and

      **WHEREAS** Plaintiff is a resident of Jersey City in Essex County, New Jersey.  (D.E. 1 Ex. A.)  On April 28, 2023, Plaintiff filed this action in the Superior Court of New Jersey, Essex County. (*Id.*)  She brought this action against the Hospital alleging that it did not pay her for work she performed outside of the job classification for which she was hired.  (*Id.*)  She also alleges that she grieved the wage issue with Defendant 1199J Union ("the Union"), but the Union failed to represent her.  (*Id.*)  On August 14, 2023, Defendant removed the case to this Court.  (D.E. 1); and

      **WHEREAS** "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). Therefore, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement," § 301 of the Labor Management Relations Act ("LMRA") pre-empts the

application of state law and the LMRA "must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988); and

**WHEREAS** Two Collective Bargaining Agreements ("CBAs")—the first effective from May 1, 2019 to April 30, 2022, and the second effective from May 1, 2022 to April 30, 2026— expressly set forth how hospital employees are paid if they work a job outside of their usual job classification, the applicable rates, and the grievance procedures through which an employee may grieve her claims. (D.E. 6-3 Ex. A, Ex. B). In other words, the CBAs expressly cover the exact wage issue Plaintiff raises in her Complaint; and

**WHEREAS** by alleging that she grieved the wage issue with the Union in her Complaint, Plaintiff has implicitly acknowledged that her claim is for breach of the CBAs. (D.E. 1 Ex. A.) Thus, this Court must examine the CBAs to resolve Plaintiff's claim. Accordingly, Plaintiff's wage claim is preempted by § 301 of the LMRA. *See, e.g.*, *Antol v. Esposto*, 100 F.3d 1111, 1117–18 (3d Cir. 1996) (holding that plaintiff's state law wage claim was preempted because the "suit [was] based 'squarely on the terms of the collective bargaining agreement'") (citations omitted); and

**WHEREAS** because the LMRA preempts Plaintiff's claim, she must be able to state a viable claim under § 301 of the LMRA to proceed. *See Lueck*, 471 U.S. at 220 ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." (internal citation omitted)). Section 301 claims are either pure or hybrid claims. Pure claims are cases brought by a union against an employer for breach of a collective bargaining agreement. *Serv. Employee Int'l Union Local 36 v. City Cleaning Co.*, 982 F.2d 89, 94, n.2 (3d Cir. 1992). Hybrid claims are brought by an employee alleging that the employer breached the collective bargaining agreement and that the employee's

3

union breached its duty to fairly represent the employee. *Id*. Plaintiff's Complaint is a hybrid § 301 claim; and

**WHEREAS** to state a viable hybrid § 301 action, Plaintiff must allege facts sufficient to show that the employer breached the CBAs and that the Union breached its duty to fairly represent her. *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) ("In the 'hybrid' suit, the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa.") (citing *United Parcel Serv. Inc. v. Mitchell*, 451 U.S. 56, 66–67 (1981) (Stewart, J. concurring)). The "statutory duty of fair representation" is breached only "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a hybrid § 301 claim upon which relief may be granted. Plaintiff fails to allege sufficient facts, beyond legal conclusions, that would support a plausible inference that the employer breached the CBAs. Plaintiff also does not sufficiently plead that the Union violated its duty to represent her fairly in her wage dispute with the Hospital because the Complaint lacks any factual allegations of "arbitrary, discriminatory, or in bad faith" conduct by the Union. In sum, the Complaint fails to plead the necessary elements of a hybrid § 301 claim; therefore

Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Plaintiff shall have thirty (30) days to file an amended Complaint. Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.